## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TRANSPORTATION SPECIALISTS INC., D/B/A RED CARPET CHARTERS; AND<br>2. C&J LEASING #1, LLC<br><br>    PLAINTIFFS<br><br>V.<br><br>1. CATERPILLAR, INC.;<br>2. CATERPILLAR FINANCIAL SERVICES CORPORATION, D/B/A CAT FINANCIAL;<br>3. WARREN POWER & MACHINERY, INC., D/B/A WARREN CAT; AND<br>4. ABC BUS COMPANIES, INC.<br><br>    DEFENDANTS | CASE NO. CIV-12-732-HE<br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

COMES NOW, Plaintiffs, Transportation Specialists, Inc., d/b/a Red Carpet Charters, and C&J Leasing #1, LLC (collectively "Plaintiffs") by and through counsel, Foshee & Yaffe, and for its Complaint against Defendants, Caterpillar, Inc.; Caterpillar Financial Services Corporation, d/b/a CAT Financial; Warren Power & Machinery, Inc., d/b/a Warren CAT; and ABC Bus Companies, Inc. (collectively "Defendants"), state as follows:

1

**PARTIES, JURISDICTION, & VENUE**

1.  Plaintiff, Transportations Specialists, Inc, d/b/a Red Carpet Charters ("Red Carpet"), is an Oklahoma corporation, with its headquarters and principal place of business is in Oklahoma County, Oklahoma.

2.  Plaintiff, C&J Leasing #1, LLC ("C&J"), is an Oklahoma limited liability company, with members who are residents of the State of Oklahoma.

3.  Defendant, Caterpillar Inc. ("Caterpillar"), is a Delaware corporation, with its headquarters and principal place of business in Peoria, Illinois. Caterpillar conducted business in the State of Oklahoma at all times pertinent to the allegations set forth herein and may be served with process through its registered agent, The Corporation Company, at 1833 S. Morgan Rd., Oklahoma City, Oklahoma, 73128.

4.  Defendant Caterpillar Financial Services Corporation, d/b/a/ CAT Financial ("CAT Financial") is a Delaware corporation, with its headquarters and principal place of business in Nashville, Tennessee. CAT Financial conducted business in the State of Oklahoma at all times pertinent to the allegations set forth herein and may be served with process through its registered agent, The Corporation Company, at 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

5.  Defendant, Warren Power & Machinery, Inc., d/b/a Warren Cat ("Warren"), is a Delaware Corporation, with its headquarters and principal place of business in Midland, Texas. Warren conducted business in the State of Oklahoma at all times pertinent to the allegations set forth herein and may be served with process

through its registered service agent, Corporation Service Company, at 115 S.W. 89th St., Oklahoma City, Oklahoma 73139.

6. Defendant, ABC Bus Companies, Inc. ("ABC"), is a Minnesota corporation, with its headquarters and principal place of business in Faribault, Minnesota. ABC conducted business in Oklahoma at all times pertinent to the allegations set forth herein and may be served with process through its registered office, at 590 Park Street #6, St. Paul, Minnesota 55103.

7. This Court has personal jurisdiction over the parties. This Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists.

8. Venue is proper in Oklahoma because all or a substantial part of the acts or omissions giving rise to this lawsuit occurred in Oklahoma.

## FACTUAL ALLEGATIONS

9. On or about 2006 through 2007, Plaintiffs purchased forty (40) Caterpillar C13 engines from Caterpillar. The engines were installed into busses purchased from ABC and financed, in part, by CAT Financial.

10. Prior to, and at the time of the sales referred to in Paragraph 9 of this Complaint, Defendants and their agents and representatives assured and represented to Plaintiffs, both publicly and through multiple personal contacts, that the engines were in working order and without defects.

11. After the sales of the Caterpillar engines described in Paragraph 9 of this Complaint, Plaintiffs began to experience numerous breakdowns and mechanical malfunctions and failures in connection with the engines.

12. Subsequent to the breakdowns and mechanical malfunctions and failures, Plaintiffs placed the engines in repair and service facilities operated by Warren, an agent of Caterpillar, to repair problems directly related to the breakdowns and mechanical malfunctions and failures, which included, but were not limited to, problems with:

    a. cracked heads;

    b. broken crank shafts;

    c. blown head gaskets;

    d. cam shafts;

    e. oil coolers;

    f. intake valve actuators;

    g. electronic control modules; and

    h. numerous other defects that may be further identified or revealed through discovery.

13. Despite multiple attempts and specific requests that Defendants correct the design problems causing the breakdowns and mechanical malfunctions and failures, Defendants have failed to correct these problems.

14. Defendants made assurances to Plaintiffs that each repair or remedy would solve the defects.

15. Plaintiffs justifiably relied on the public and private assurances made by Defendants described in Paragraphs 10 and 14 of this Complaint.

16. The Caterpillar engines Plaintiffs purchased continued to be defective.

17. Defendants were in the business of marketing, selling, financing, and repairing and servicing the engines described in Paragraph 9 of this Complaint.

18. Defendants knew or should have known of the defects concerning the engines described in Paragraph 12 of this Complaint.

19. In the course of marketing, and prior to selling the engines, Caterpillar, CAT Financial, and ABC did not notify Plaintiffs of the defects to the engines.

20. Defendants' affirmative representations and silence and omissions induced Plaintiffs to purchase and lease the defective engines.

21. Plaintiffs have suffered substantial financial losses and other damages as a result of Defendants' actions and the defective engines.

## COUNT I: BREACH OF IMPLIED WARRANTY
### (All Defendants)

22. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1-21 as though fully set forth herein.

23. Caterpillar, CAT Financial, and ABC impliedly assured Plaintiffs that the engines they sold and leased to Plaintiffs were free from defects and were suitable to perform duties for which they were manufactured and made.

24. The engines sold and leased to Plaintiffs were defective at the time they were sold and leased to Plaintiffs.

25. Defendants have breached the implied warranty of merchantability as well as the implied warranty that the engines were fit for the particular purpose sold, which was to power revenue earning charter busses.

26. Defendants impliedly assured that the repairs to the engines would be completed in a timely, good and workmanlike manner.

27. The engines have failed to be timely and properly repaired and the defects have not been definitively remedied.

28. Defendants have breached the implied warranties to make timely and appropriate repairs and remedies.

29. Defendants have breached the implied warranty of good and workmanlike performance applicable to the repair service of the engines.

30. Defendants have been repeatedly notified of the defects of the engines referenced in Paragraph 12 of this Complaint but have failed to correct them.

31. As a result of Defendants' breach of these warranties, Plaintiffs have suffered financial loss and other damages, including, but not limited to:

   a. Loss of profits;

   b. Downtime expenses and losses,

   c. Diminished value;

   d. The value of the purchase price of each bus;

   e. Future repair expenses due to the defects that Defendants have failed to remedy;

   f. Towing expenses;

    g. Lodging expenses;

    h. Unreimbursed driver downtime;

    i. Loss of revenue;

    j. Property damage and

    k. All other economic, financial, consequential and incidental damages and attorneys' fees, costs, and interest allowed by law or equity.

32. Plaintiffs are entitled to recover all actual, economic and non-economic damages, including all consequential and incidental damages listed herein, from Defendants because all exclusive or limited express warranties have failed in their essential purpose.

33. Defendants' actions have rendered all exclusive or limited expresses warranties inapplicable because they have failed their essential purpose in that no amount of repair has been able to remedy the defects in Plaintiffs' engines.

    WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with all interest, attorneys' fees, and costs of this action provided by law.

### COUNT II: BREACH OF EXPRESS WARRANTY
### (All Defendants)

34. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1-33 as though fully set forth herein.

35. Caterpillar, CAT Financial, and ABC expressly assured that the engines they sold Plaintiffs were free from defects and were suitable to perform duties for which they were manufactured and made.

36. The engines sold to Plaintiffs were defective at the time they were sold to Plaintiffs.

37. Defendants expressly assured that if a defect in the engines was found Defendants would timely provide parts and service needed to definitively correct the defect.

38. The engines sold to Plaintiffs were defective at the time they were sold, and Defendants have failed to definitively remedy the defects.

39. Defendants have breached their express warranties on the items purchased and/or leased by Plaintiffs.

40. Defendants were repeatedly notified of the defects in the engines but have failed to definitively correct them.

41. By failing to provide the engines that met the express warranties and failing to definitively remedy the known defects, the warranties have failed their essential purpose.

42. As a result of Defendants' breach of express warranty, Plaintiffs have suffered financial loss and other damages, including, but not limited to:

    a. Loss of profits;

    b. Downtime expenses and losses,

    c. Diminished value;

    d. The value of the purchase price of each bus;

    e. Future repair expenses due to the defects that Defendants have failed to remedy;

    f. Towing expenses;

    g. Lodging expenses;

    h. Unreimbursed driver downtime;

    i. Loss of revenue;

    j. Property damage, and

    k. All other economic, financial, consequential and incidental damages and attorneys' fees, costs, and interest allowed by law or equity.

43. Plaintiffs are entitled to recover all actual, economic and non-economic damages, including all consequential and incidental damages listed herein, from Defendants because all exclusive or limited express warranties have failed in their essential purpose.

44. Defendants' actions have rendered all exclusive or limited express warranties inapplicable.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with all interest, attorneys' fees, and costs of this action provided by law.

**COUNT III: FRAUDULENT MISREPRESENATION (All Defendants)**

45. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1-44 as though fully set forth herein.

46. Prior to the purchase of the engines, and at all times relevant, Defendants made public and private representations to Plaintiffs that the Caterpillar C13 engines were fit for their intended use and that Defendants would timely provide parts and service needed to correct any defect with the engines.

47. These representations were made to the Plaintiffs in the forms of:

   a. Publically available resources such as the internet and sales brochures;

   b. Through direct conversations with sales people; and

   c. Through direct conversations with service people;

48. These representations were false.

49. These representations were material.

50. Defendants knew the engines were defective for reasons including, but not limited to, those listed in Paragraph 12 of this Complaint.

51. Defendants intended to deceive Plaintiffs.

52. Defendants intended to deceive Plaintiffs in order to induce Plaintiffs to purchase the defective engines and to continue to seek repairs from Defendants to remedy engine defects.

53. Plaintiffs acted in reliance on the truth of the representations and were justified in relying on the representations.

54. Prior to Plaintiffs' purchases, and at all times relevant, Defendants made representations to Plaintiffs that the repairs and remedies offered would timely fix and correct known or identified defects.

55. These representations were false.

56. These representations were material.

57. Defendants knew their representations that the repairs and remedies it offered would not fix the known defects in the Caterpillar engines.

58. Defendants intended to deceive Plaintiffs.

59. Plaintiffs acted in reliance on the truth of the representations and were justified in such reliance.

60. As a result of Defendants' fraudulent representations, Plaintiffs have suffered financial loss and other damages, including, but not limited to:

    a. Loss of profits;

    b. Downtime expenses and losses,

    c. Diminished value;

    d. The value of the purchase price of each bus;

    e. Future repair expenses due to the defects that Defendants have failed to remedy;

    f. Towing expenses;

    g. Lodging expenses;

    h. Unreimbursed driver downtime;

    i. Loss of revenue;

    j. Property damage; and

    k. All other economic, non-economic, financial, consequential and incidental damages and attorneys' fees, costs, and interest allowed by law or equity.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with punitive damages, and all interest, attorneys' fees, and costs of this action provided by law.

### COUNT IV: BREACH OF CONTRACT (All Defendants)

61. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1-60 as though fully set forth herein.

62. Plaintiffs and Defendants entered into valid binding contracts.

63. Plaintiffs complied with all the terms and conditions of these agreements.

64. Defendants have breached the contracts with Plaintiffs by providing defective engines and failing to make timely and reasonable repairs.

65. Defendants' breaches were material.

66. As a result of Defendants' breaches of contract, Plaintiffs have suffered financial loss and other damages, including, but not limited to:

    a. Loss of profits;

    b. Downtime expenses and losses,

    c. Diminished value;

    d. The value of the purchase price of each bus;

    e. Future repair expenses due to the defects that Defendants have failed to remedy;

    f. Towing expenses;

    g. Lodging expenses;

    h. Unreimbursed driver downtime;

    i. Loss of revenue;

    j. Property damage; and

    k. All other economic, non-economic, financial, consequential and incidental damages and attorneys' fees, costs, and interest allowed by law or equity.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with all interest, attorneys' fees, and costs of this action provided by law.

## COUNT V: VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT
## (All Defendants)

67. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1-66 as though fully set forth herein.

68. Defendants violated the Oklahoma Consumer Protection Act when they engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied upon to their detriment.

69. Defendants violated the Oklahoma Consumer Protection Act in that they represented that the engines Plaintiffs purchased and received repairs to were of a particular standard, quality, or grade when they were, in fact, of another.

70. Defendants violated the Oklahoma Consumer Protection Act in that they failed to disclose information concerning the engines' defects that was known at the time of the transactions and such failures to disclose this information were intended to

induce Plaintiffs into the transactions which they would not have entered into had the information been disclosed.

71. As a result of Defendants' actions, Plaintiffs have suffered financial loss and other damages, including, but not limited to:

   a. Loss of profits;

   b. Downtime expenses and losses,

   c. Diminished value;

   d. The value of the purchase price of each bus;

   e. Future repair expenses due to the defects that Defendants have failed to remedy;

   f. Towing expenses;

   g. Lodging expenses;

   h. Unreimbursed driver downtime;

   i. Loss of revenue;

   j. Property damage; and

   k. All other economic, non-economic, financial, consequential and incidental damages and attorneys' fees, costs, and interest allowed by law or equity.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with punitive damages, and all interest, attorneys' fees, and costs of this action provided by law.

## COUNT VI: MANUFACTURERS' PRODUCTS LIABILITY
### (Defendant Caterpillar)

72. Plaintiffs restate and incorporate by reference the allegations in Paragraphs 1-71 as though fully set forth herein.

73. Caterpillar manufactured the engines referred to in Paragraph 9 of this Complaint.

74. Caterpillar was in the business of manufacturing such products.

75. The engines referred to in Paragraph 9 of this Complaint were defective, and because of the defects, the engines were unreasonably dangerous to the safety and/or property of one who uses, or might be reasonably expected to be affected by the engine failures.

76. The engines referred to in Paragraph 9 of this Complaint were defective at the time they were manufactured by Caterpillar or left its control.

77. Plaintiffs were entities who used and could have reasonably been affected by the engine failures.

78. Plaintiffs have sustained property damage to their busses, caused by the defects in the engines referred to in Paragraph 9 of this Complaint.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with punitive damages, and all interest, attorneys' fees, and costs of this action provided by law.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants in the aforesaid claims in an amount that will fully, fairly, and adequately compensate Plaintiffs for their damages, together with, punitive damages, and all interest, attorneys' fees, and costs of this action provided by law.

Respectfully submitted,

s/ Christopher B. Keim
CHRISTOPHER B. KEIM, OBA # 22195
S. ALEX YAFFE, OBA # 21063
J. DREW HOUGHTON, OBA # 18080

- Of the Firm -

Foshee & Yaffe
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405)264-5777
Fax: (405) 264-5708
cbk@fylaw.com
ay@fylaw.com
dhoughton@fylaw.com